UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ASAGAI MILTON,

    Plaintiff

v.

FEDEX GROUND PACKAGE SYSTEM, INC.,

    Defendant

Case No.: 3:23-cv-00268-ART-CSD

**Order**

    This action was removed by defendant FedEx on June 12, 2023. (ECF No. 1.) On June 15, 2023, Plaintiff filed his first motion to remand. (ECF No. 6.) On June 30, 2023, Plaintiff filed a second motion to remand. (ECF No. 11.) On July 12, 2023, Plaintiff filed an amended complaint. (ECF No. 14.) On July 19, 2023, Plaintiff requested a remand order. (ECF No. 17.)

    On August 4, 2023, FedEx filed a proposed discovery plan and scheduling order, indicating that Plaintiff opposed its filing while the motion to remand is pending. (ECF Nos. 20, 20-1.)

    On August 14, 2023, the court set a video status conference for August 30, 2023, and **ordered** the parties to appear to discuss the proposed discovery plan and scheduling order. (ECF No. 31.)

    On August 29, 2023, Plaintiff filed another motion requesting a ruling on the motion for remand. (ECF No. 22.)

    On August 30, 2023, Plaintiff failed to appear for the court ordered status conference. (ECF No. 23.) At the same time, the court entered FedEx's proposed discovery plan and scheduling order. (ECF No. 24.)

The court also issued an order to show cause that same day. The court noted Plaintiff's position that the motion to remand should be granted. However, the court had undertaken a preliminary review of Plaintiff's filings related to remand and is not convinced that Plaintiff will be successful in obtaining an order remanding this matter to state court. The court advised Plaintiff that unless and until District Judge Traum finds this court lacks jurisdiction and remands the matter to state court, Plaintiff is under an obligation to comply with the court's orders and appear for court ordered hearings. (ECF No. 25.)

The court advised Plaintiff that it may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who fails to appear when required for a pretrial conference or fails to comply with an order of the court. (*Id*. at 2, citing Fed. R. Civ. P. 16(f); LR IA 11-8(a), (e).)

The court gave Plaintiff until September 21, 2023, to show cause why he should not be sanctioned for failing to comply with the court's order to appear for the August 30, 2023 hearing. He was advised that sanctions may include monetary sanctions; prohibiting Plaintiff from supporting or opposing designated claims or defenses or from introducing designated evidence; striking pleadings; staying further proceedings until the order is obeyed; dismissal of the action; entering default judgment; or treating the failure as contempt of court. (*Id*., citing Fed. R. Civ. P. 16(f)(1), (2); Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii); LR IA 11-8.) Plaintiff was cautioned that a failure to timely file a response may result in a recommendation for dismissal of this action. (*Id*.)

On September 15, 2023, Plaintiff filed a response to the order to show cause. Again, Plaintiff asserts there has been no ruling on the motion to remand, despite his requests. Plaintiff maintains the court lacks subject matter jurisdiction. He included email correspondence he had with the courtroom administrator, Ms. Karen Walker, where she advised him that regardless of

the pending motion to remand, he had a duty to appear at the court's status conference. Plaintiff indicated he was opting out of magistrate jurisdiction, and Ms. Walker advised him that had nothing to do with the scheduled status conference, and he still had a duty to appear for the hearing. He again indicated he was declining magistrate judge jurisdiction. He also indicates that he had an email conversation but not an order from the court. (ECF No. 27.)

Parties have the option to consent to a magistrate judge presiding over their case for all purposes, instead of having a district judge and magistrate judge assigned to their case. The court understands that Plaintiff has declined to have the undersigned preside over his case for all purposes. In the absence of consent, the undersigned is still the assigned magistrate judge, and Plaintiff has a duty to comply with the court's orders unless and until there is an order from District Judge Traum that this court lacks subject matter jurisdiction over this matter.

The court issued an order clearly requiring the parties to appear for the August 30, 2023 status conference. (ECF No. 21.) Despite being advised by Ms. Walker that he had a duty to appear even though he had declined consent for the magistrate judge to preside over this action, Plaintiff failed to appear for the court ordered hearing. (ECF No. 23.)

The court will hold a **hearing** on the order to show cause. The court is inclined to order Plaintiff to pay FedEx's expenses, including reasonable fees and costs, incurred in attending the August 30, 2023, status conference for which Plaintiff failed to appear. However, the court will allow Plaintiff to present argument on this issue at the hearing.

///
///
///
///

Plaintiff is advised that the court is **ORDERING** him to **APPEAR <u>IN PERSON</u>** at the show cause hearing. A separate order will be issued advising the parties of the date and time of the show cause hearing.

Plaintiff is cautioned that if he fails to appear for the hearing, the court will recommend dismissal of this action.

**IT IS SO ORDERED**.

Dated: September 25, 2023

_____
Craig S. Denney
United States Magistrate Judge