UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ASAGAI MILTON,<br><br>  Plaintiff,<br><br>  v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>  Defendant. | Case No. 3:23-cv-00268-ART-CSD<br><br>ORDER DENYING REMAND |

Before the Court are two motions to remand (ECF Nos. 6, 11), a motion "submit[ting] the case and request[ing] remand" (ECF No. 17), a motion "requesting ruling in filed remand" (ECF No. 22), a "notice of removal" to state court (ECF No. 29), and a "notice of voluntary dismissal" (ECF No. 33), all filed by Plaintiff, Asagai Milton. These notices and motions raise two issues: whether the Court has diversity jurisdiction over this case and whether Mr. Milton should be allowed to voluntarily dismiss at this stage in the litigation. The Court finds that it has jurisdiction. It does not reach the issue of voluntary dismissal, but it expresses concern that any dismissal without prejudice could be unduly harmful to Defendant.

The Court has diversity jurisdiction over this case. 28 U.S.C. § 1332. Mr. Milton and FedEx are diverse because Mr. Milton is a citizen of Nevada and FedEx is a Delaware corporation with its principle place of business in Pennsylvania. (ECF Nos. 14 at ¶ 2, 10 at 2.)

The amount in controversy is also greater than $75,000. (ECF No. 14 at 10 (seeking $300,000 in the event of default)); *see also Guglielmino v. McKee Foods Corp.*, 506 F. 3d 696, 699 (9th Cir. 2007) ("[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it

1

1  appears to a 'legal certainty' that the plaintiff cannot actually recover that
2  amount.").

3      28 U.S.C. § 1445(c) does not bar the Court from hearing this case because
4  Mr. Milton brings claims for retaliatory discharge and civil conspiracy, which are
5  not claims under Nevada worker's compensation laws. *See Hansen v. Harrah's*,
6  100 Nev. 60, 64 (1984); NRS 11.220.

7      Mr. Milton may not join as a defendant Mike Madden, who was one of his
8  supervisors at FedEx. The Court has discretion to determine whether a diversity-
9  destroying defendant may be joined. 28 U.S.C. § 1447(e); *Newcombe v. Adolf
10 Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). Madden would destroy diversity
11 because he is a citizen of Nevada, like Mr. Milton. (*See* ECF No. 14 at ¶ 3.) The
12 Court considers the balance of equities and any potential prejudice to Mr. Milton
13 and determines that no injustice would occur from denying Mr. Milton's request
14 to join Madden. *See Newcombe*, 157 F.3d at 691. Mr. Milton seeks only damages,
15 which can be fully satisfied by FedEx. Further, Mr. Milton can subpoena Madden
16 to testify at trial, and he can proceed against Madden in state court, if he chooses.
17 The Court therefore strikes all claims against Madden from Mr. Milton's Amended
18 Complaint (ECF No. 14) pursuant to its 12(f) powers. Fed. R. Civ. P. 12(f).

19     Finally, Mr. Milton has indicated that he is interested in voluntarily
20 dismissing this case. (*See* ECF No. 33). Because FedEx has already filed an
21 Answer to Mr. Milton's Complaint, (ECF No. 18), Mr. Milton may only dismiss
22 with the Court's permission. Fed. R. Civ. P. 41(a)(2). If Mr. Milton files a motion
23 for voluntary dismissal, it should address whether the dismissal is without
24 prejudice (meaning the case could be refiled) or with prejudice (meaning the case
25 could not be refiled).

26 //
27 //
28 //

It is therefore ordered that Mr. Milton's motions to remand (ECF Nos. 6, 11, 17, 22) are denied.

It is further ordered that all claims against Proposed Defendant Mike Madden are stricken from the Amended Complaint (ECF No. 14).

It is further ordered that the hearing scheduled for Monday, March 18, 2024, at 1:00 p.m. is vacated.

Dated this 15th day of March 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3